Carol Lynn Thompson (SBN 148079)
cthompson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Mark B. Blocker (*Pro Hac Vice*)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7436

*Attorneys for Defendant*
*Team Health Holdings, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| SIA FRASER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEAM HEALTH HOLDINGS, INC.,<br><br>Defendant. | Civil Action No. 4:20-cv-04600-JSW<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date: January 8, 2021<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5, 2nd Floor<br><br>**JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

Pursuant to Federal Rule of Evidence 201, Defendant Team Health Holdings, Inc. ("Defendant") files this request for judicial notice of five documents cited in its Motion to Dismiss. Two of these documents are attached as exhibits to the concurrently filed declaration of Paula Dearolf ("Dearolf Declaration"), and three documents are attached as exhibits to the concurrently filed declaration of Matthew P. Henry ("Henry Declaration").

All five documents may be considered under the doctrine of incorporation by reference, and three are additionally subject to judicial notice. One document, Plaintiff's signed hospital admittance form, is incorporated by reference because the Complaint depends on the form's contents for several of its claims. Four additional documents, including a copy of a medical bill, a survey study, a print-out of a news article, and a letter, are incorporated by reference because their contents are specifically alleged or quoted in the Complaint and are among the bases for certain claims. Of these, the survey study, print-out of the news article, and letter are also appropriately subject to judicial notice as materials publicly available on the Internet.

In the list below, we describe the five documents and the purpose for which Defendant is submitting them. We also provide parenthetical designations referring to the paragraphs in the Complaint in which Plaintiff cites or draws on those documents.

- **Dearolf Exhibit 1.** Copy of Tri-City Medical Center Conditions of Admission Form, signed by Sia Fraser and dated September 30, 2019 (e.g., Compl. ¶¶ 33-34 & n.17). Defendant offers this exhibit for the purpose of demonstrating the conditions of admission Plaintiff acknowledged upon admission to Tri-City Medical Center. Defendant has redacted all personal information from this document that has not already been disclosed in the Complaint.

- **Dearolf Exhibit 2.** Copy of Bill from Team Physicians of Southern CA to Sia Fraser, dated October 15, 2019 (e.g., Compl. ¶¶ 19, 21-22, 61, 131). Defendant offers the exhibit for the purpose of showing the complete contents of a document Plaintiff extensively references and relies upon in her Complaint. Defendant has redacted all personal information from this document that has not already been disclosed in the Complaint.

- **Henry Exhibit 1.** America's Health Insurance Plans, *Survey of Charges Billed by Out-of-Network Providers: A Hidden Threat to Affordability*, dated January 2013, available at https://bit.ly/2WRTOP6 (last accessed September 22, 2020) (e.g., Compl. ¶ 51). Defendant offers the exhibit for the purpose of showing the complete contents of a document Plaintiff cites and relies upon in her Complaint.

- **Henry Exhibit 2.** Print-out of article by Courtney Robinson, 10 Tampa Bay, *Some Physicians at Tampa General Hospital Take Pay Cut Because of Health Care Costs*, dated February 4, 2020, available at https://www.wtsp.com/article/news/investigations/10-investigates/tampa-general-hospital-pay-cuthealth-care/67-e330d676-db40-4454-a647-5985eba6ccc3 (last accessed September 22, 2020) (e.g., Compl. ¶ 10, 65). Defendant offers the exhibit for the purpose of showing the complete contents of a document Plaintiff cites and relies upon in her Complaint.

- **Henry Exhibit 3.** Letter from TeamHealth President and Chief Executive Officer Leif Murphy to Senate Bi-Partisan Workgroup regarding Request for Data and Information on Surprise Medical Billing, dated March 13, 2019, available at https://www.documentcloud.org/documents/6568825-TeamHealth-Letter.html (last accessed September 22, 2020) (e.g., Compl. ¶ 67). Defendant offers the exhibit for the purpose of showing the complete contents of a document Plaintiff cites and relies upon in her Complaint.

## II. LEGAL STANDARD

A court may consider documents on a motion to dismiss, even if not cited in a complaint, by taking judicial notice of them. Courts may "judicially notice a fact that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

On a motion to dismiss for failure to state a claim, under the incorporation by reference doctrine, a court likewise "may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" and "may treat such a document as part of the complaint, and thus may

assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) and *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)) (internal quotation marks omitted). Courts "have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076 (citation omitted).

Courts may consider documents incorporated by reference without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061, 1066 (N.D. Cal. 2018) (citing *Davis*, 691 F.3d at 1160-61); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d. 988, 999 (9th Cir. 2018) (same as to judicial notice of matters of public record). The doctrine of incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja*, 899 F.3d. at 1002.

## III. ARGUMENT

### A. Plaintiff's Signed Admittance Form is Incorporated by Reference into the Complaint (Dearolf Exhibit 1)

Exhibit 1 to the Dearolf Declaration, a copy of Tri-City Medical Center's Conditions of Admission Form signed by Sia Fraser and dated September 30, 2019, is properly subject to incorporation by reference. Plaintiff's Complaint specifically alleges that patients only learn that an entity separate from the treating hospital may have provided them services when they receive a separate bill from a medical provider group affiliated with a subsidiary of Team Health Holdings, Inc. *See* Compl. ¶¶ 33-34. This, the Complaint alleges, is because consumer patients do not sign any paperwork agreeing to pay the fees of these medical provider groups, and "[w]hen consumers enter hospitals staffed by TeamHealth physicians, they may sign various admittance and release forms. But because TeamHealth physicians are independent contractors, those forms do not apply to

TeamHealth." *See id.* ¶¶ 34 & n.17.  Dearolf Exhibit 1 is a copy of Plaintiff's signed admittance form, one of the referenced "various admittance and release forms" upon which the foregoing allegations depend.  These forms are among the bases for the Complaint's claims that the medical provider groups affiliated with subsidiaries of Team Health Holdings, Inc. had no contract with patients and that quantum meruit, in the absence of a contract, provides the "true rates TeamHealth is lawfully entitled to charge." *See id.* ¶¶ 46-50, 116.  Accordingly, the Court may consider Plaintiff's signed admittance form incorporated by reference. *See Knievel*, 393 F.3d at 1076 (document incorporated by reference where "plaintiff's claim depends on the contents of a document").

### B. Plaintiff's October 19, 2019 Bill is Incorporated by Reference into the Complaint (Dearolf Exhibit 2)

Exhibit 2 to the Dearolf Declaration is a copy of Plaintiff's October 15, 2019 bill from Team Physicians of Southern California Medical Group, Inc., which the Complaint expressly references and whose contents the Complaint depends on for a number of its allegations. *See* Compl. ¶¶ 19, 21-22, 61, 131.  For example, the Complaint references and relies on the October 15, 2019 bill's charge of $1,082 for observation care in multiple allegations that the bill demonstrates "inflated" and "fraudulent prices."  *See id.* ¶¶ 69, 131.  The Complaint further relies on certain other information it states was shown on the October 15, 2019 bill, such as recipient and return addresses and options to pay the bill by credit card over the Internet, in its various allegations that the purported enterprise made use of U.S. mails and interstate wire facilities to perpetrate a scheme. *See id.* ¶¶ 128, 131-32.  The Court may therefore consider Dearolf Exhibit 2 incorporated into Plaintiff's Complaint by reference.  *See Khoja*, 899 F.3d. at 1002 (document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim" (citation omitted)).

### C. Survey Study, News Article, and Letter are Incorporated by Reference into the Complaint and are Subject to Judicial Notice (Henry Exhibits 1-3)

Plaintiff also cites or quotes several documents in her Complaint, including:

- A 2013 study that reportedly "found that the first 30 to 74 minutes of critical care in California would cost an out-of-network patient as much as 2897% of the Medicare rate," which the Complaint cites and quotes statistics from in support of its allegation that Chargemaster rates are not fair or accurate measures of the reasonable value or going rate. *See* Compl. ¶ 51. The study is Henry Exhibit 1.

- A February 2020 news article quoting a UnitedHealthcare spokesperson regarding the amounts billed by medical provider groups affiliated with subsidiaries of Team Health Holdings, Inc., in support of the Complaint's allegations that the amounts billed by medical provider groups affiliated with subsidiaries of Team Health Holdings, Inc. are unreasonable and that "[i]n various lawsuits, TeamHealth has conceded that the rates it charges consumers do not represent the real value of its services." *See id.* ¶¶ 10, 63-65. A print-out of the news article is Henry Exhibit 2.

- A March 2019 letter to a Bi-Partisan Workgroup of the U.S. Senate in which TeamHealth's President and Chief Executive Officer, Leif Murphy, described certain costs and charges. The Complaint appears to quote several statistics from the letter and alleges that this letter shows "TeamHealth admitted it has across-the-board inflated list prices well over the cost of the services it provides" and "admitted its chargemaster prices are over six times its cost of care." *See id.* ¶ 67. "In short, TeamHealth has admitted that the rates it charges patients are fraudulent." *Id.* ¶ 68. The letter is Henry Exhibit 3.

The Complaint does not dispute the relevance or authenticity of these documents. *See Knievel*, 393 F.3d at 1076. It cites or quotes these documents to support the foregoing allegations and establish its claims of artificially inflated prices and, with regard to Henry Exhibits 2-3, Team Health Holdings, Inc.'s purported knowledge of alleged pricing fraud. Such reliance incorporates the cited documents by reference. *See Khoja*, 899 F.3d at 1002.

All three documents are also judicially noticeable. Courts have routinely found materials available publicly on the Internet to be subject to judicial notice under Fed. R. Evid. 201. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (publicly available materials judicially noticeable "to indicate what was in the public realm at the time, not

whether the contents of those articles were in fact true" (internal quotation marks and citations omitted)); *Erickson v. Neb. Mach. Co.*, No. 15-cv-1147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (materials showing website at certain timeframe subject to judicial notice, where materials were available via Internet archive); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1197 & n.1 (N.D. Cal. 2014) (materials available online subject to judicial notice).

## IV. CONCLUSION

For the foregoing reasons, the five documents accompanying the Dearolf Declaration and Henry Declaration and cited in Defendant's Motion to Dismiss are properly before the Court.

Respectfully submitted,

Dated: September 25, 2020

*/s/ Carol Lynn Thompson*
Carol Lynn Thompson (SBN 148079)
cthompson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Mark B. Blocker (*Pro Hac Vice Pending)*
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7436

*Attorneys for Defendant*
*Team Health Holdings, Inc.*