Carol Lynn Thompson (SBN 148079)
cthompson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
Jennifer H. Lee (SBN 329079)
jhlee@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Mark B. Blocker (admitted *pro hac vice*)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7436

*Attorneys for Defendants Team Health Holdings, Inc., AmeriTeam Services, LLC, TeamHealth Inc. n/k/a Team Health, LLC, and HCFS Health Care Financial Services, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| SIA FRASER, TRICIA BAKONYI, GABRIELLE DIBELLA, and KATJA FIUME, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, TEAMHEALTH, INC. n/k/a TEAM HEALTH, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, LLC,<br><br>Defendants. | Civil Action No.  4:20-cv-04600-JSW<br><br><u>CLASS ACTION</u><br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:   March 26, 2021<br>Time:   9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom:    5, 2nd Floor<br><br>**JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

Pursuant to Federal Rule of Evidence 201, Defendants Team Health Holdings, Inc., AmeriTeam Services, LLC, TeamHealth Inc. n/k/a Team Health, LLC, and HCFS Health Care Financial Services, LLC ("Defendants") file this request for judicial notice of ten documents cited in its Motion to Dismiss. Five of these documents are attached as exhibits to the concurrently filed declaration of Paula Dearolf ("Dearolf Declaration"), and five documents are attached as exhibits to the concurrently filed declaration of Jaime A. Bartlett ("Bartlett Declaration").

Nine of the ten documents may be considered under the doctrine of incorporation by reference, while four of the ten documents are subject to judicial notice. Five documents, including each Plaintiff's medical bill as well as Plaintiff Sia Fraser's signed hospital admittance form, are incorporated by reference because Plaintiffs' First Amended Complaint ("FAC") depends on these documents' contents for several of its claims. Four additional documents, including a survey study, a print-out of a news article, a letter, and a declaration, are incorporated by reference because their contents are specifically alleged or quoted in the FAC and are among the bases for certain claims. Of these, the survey study, print-out of the news article, and letter are also appropriately subject to judicial notice as materials publicly available on the Internet. Similarly, the final document, a print-out from a database, is appropriately subject to judicial notice as material publicly available on the Internet.

In the list below, we describe the ten documents and the purpose for which Defendants are submitting them. We also provide parenthetical designations referring to the paragraphs in the FAC in which Plaintiffs cite or draw on those documents.

- **Dearolf Exhibit 1.** Copy of Tri-City Medical Center Conditions of Admission Form, signed by Sia Fraser and dated September 30, 2019 (e.g., FAC ¶¶ 56-57 & n.24). Defendants offer this exhibit for the purpose of demonstrating the conditions of admission Ms. Fraser acknowledged upon admission to Tri-City Medical Center. Defendants have redacted all personal information from this document that has not already been disclosed in the FAC.
- **Dearolf Exhibit 2.** Copy of Bill from Team Physicians of Southern CA to Sia Fraser, dated October 15, 2019 (e.g., FAC ¶¶ 19, 21, 23, 94, 160). Defendants offer the exhibit for the

1     purpose of showing the complete contents of a document Plaintiffs extensively reference and
2     rely upon in the FAC.  Defendants have redacted all personal information from this
3     document that has not already been disclosed in the FAC.

4 • **Dearolf Exhibit 3.**  Copy of Bill from St. David's South Austin Medical Center to Tricia
5     Bakonyi, dated July 7, 2020 (e.g., FAC ¶¶ 24, 26-28, 30, 161).  Defendants offer the exhibit
6     for the purpose of showing the complete contents of a document Plaintiffs extensively
7     reference and rely upon in the FAC.  Defendants have redacted all personal information from
8     this document that has not already been disclosed in the FAC.

9 • **Dearolf Exhibit 4.**  Copy of Bill from St. Joseph's Hospital Health Center to Gabrielle
10     DiBella, dated July 15, 2020 (e.g., FAC ¶¶ 31, 35-36, 162).  Defendants offer the exhibit for
11     the purpose of showing the complete contents of a document Plaintiffs extensively reference
12     and rely upon in the FAC.  Defendants have redacted all personal information from this
13     document that has not already been disclosed in the FAC.

14 • **Dearolf Exhibit 5.**  Copy of Bill from Sharp Grossmont Hospital to Katja Fiume, dated July
15     6, 2020 (e.g., FAC ¶¶ 37, 39-40, 163).  Defendants offer the exhibit for the purpose of
16     showing the complete contents of a document Plaintiffs extensively reference and rely upon
17     in the FAC.  Defendants have redacted all personal information from this document that has
18     not already been disclosed in the FAC.

19 • **Bartlett Exhibit 1.**  America's Health Insurance Plans, *Survey of Charges Billed by Out-of-*
20     *Network Providers: A Hidden Threat to Affordability*, dated January 2013, available at
21     https://bit.ly/2WRTOP6 (last accessed September 22, 2020) (e.g., FAC ¶ 75).  Defendants
22     offer the exhibit for the purpose of showing the complete contents of a document Plaintiffs
23     cite and rely upon in the FAC.

24 • **Bartlett Exhibit 2.**  Print-out of article by Courtney Robinson, 10 Tampa Bay, *Some*
25     *Physicians at Tampa General Hospital Take Pay Cut Because of Health Care Costs*, dated
26     February 4, 2020, available at https://www.wtsp.com/article/news/investigations/10-
27     investigates/tampa-general-hospital-pay-cuthealth-care/67-e330d676-db40-4454-a647-
28     5985eba6ccc3 (last accessed September 22, 2020) (e.g., FAC ¶¶ 10, 89).  Defendants offer

the exhibit for the purpose of showing the complete contents of a document Plaintiffs cite and rely upon in the FAC.

- **Bartlett Exhibit 3.** Letter from Team Health Holdings, Inc.'s President and Chief Executive Officer Leif Murphy to Senate Bi-Partisan Workgroup regarding Request for Data and Information on Surprise Medical Billing, dated March 13, 2019, available at https://www.documentcloud.org/documents/6568825-TeamHealth-Letter.html (last accessed September 22, 2020) (e.g., FAC ¶¶ 92-93).  Defendants offer the exhibit for the purpose of showing the complete contents of a document Plaintiffs cite and rely upon in the FAC.

- **Bartlett Exhibit 4.** Supplemental Declaration of John R. Stair, dated June 22, 2020 and attached to the Motion to Dismiss Second Amended Class Action Complaint in *Sanchez v. Team Health, LLC*, No. 1:18-cv-21174 (S.D. Fla.), ECF No. 79-3 (e.g., FAC ¶¶ 41, 43-46, 133-37).  Defendants offer the exhibit for the purpose of showing the complete contents of a document Plaintiffs cite and rely upon in the FAC.

- **Bartlett Exhibit 5.** Print-outs of FAIR Health Database website showing estimated average out-of-network/uninsured price for CPT Code 99285 in zip code 78704, CPT Code 99284 in zip code 13202, CPT Code 99284 in zip code 91942, and CPT Code 99220 in zip code 92056, available at https://www.fairhealthconsumer.org/medical (last accessed December 15, 2020).  Defendants offer the exhibit for the purpose of demonstrating the estimated "going rate" of medical care for Plaintiffs' charged CPT Codes and zip codes (FAC ¶¶ 73, 75, 161-63).

## II.  LEGAL STANDARD

A court may consider documents on a motion to dismiss, even if not cited in a complaint, by taking judicial notice of them.  Courts may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

On a motion to dismiss for failure to state a claim, under the incorporation by reference doctrine, a court likewise "may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the

1  [plaintiff's] pleading" and "may treat such a document as part of the complaint, and thus may
2  assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v.*
3  *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *Knievel v. ESPN*, 393 F.3d
4  1068, 1076 (9th Cir. 2005) and *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)) (internal
5  quotation marks omitted).  Courts "have extended the 'incorporation by reference' doctrine to
6  situations in which the plaintiff's claim depends on the contents of a document, the defendant
7  attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the
8  document, even though the plaintiff does not explicitly allege the contents of that document in the
9  complaint." *Knievel*, 393 F.3d at 1076 (citation omitted).
10         Courts may consider documents incorporated by reference without converting a Rule
11 12(b)(6) motion into a motion for summary judgment.  *Finkelstein v. AXA Equitable Life Ins. Co.*,
12 325 F. Supp. 3d 1061, 1066 (N.D. Cal. 2018) (citing *Davis*, 691 F.3d at 1160-61); *see also Khoja v.*
13 *Orexigen Therapeutics, Inc.*, 899 F.3d. 988, 999 (9th Cir. 2018) (same as to judicial notice of matters
14 of public record).  The doctrine of incorporation by reference "prevents plaintiffs from selecting only
15 portions of documents that support their claims, while omitting portions of those very documents
16 that weaken – or doom – their claims."  *Khoja*, 899 F.3d. at 1002.

17 **III.    ARGUMENT**
18   **A.    Ms. Fraser's Signed Admittance Form Is Incorporated by Reference into the FAC (Dearolf Exhibit 1)**
19
20         Exhibit 1 to the Dearolf Declaration, a copy of Tri-City Medical Center's Conditions of
21 Admission Form signed by Sia Fraser and dated September 30, 2019, is properly subject to
22 incorporation by reference.  The FAC specifically alleges that patients only learn that an entity
23 separate from the treating hospital may have provided them services when they receive a separate
24 bill from a medical provider group affiliated with a subsidiary of Team Health Holdings, Inc. *See*
25 FAC ¶¶ 56-57.  This, the FAC alleges, is because consumer patients do not sign any paperwork
26 agreeing to pay the fees of these medical provider groups, and "[w]hen consumers enter hospitals
27 staffed by TeamHealth physicians, they may sign various admittance and release forms.  But because
28 TeamHealth physicians are independent contractors, those forms do not apply to TeamHealth." *See*

1  *id.* ¶¶ 57 & n.24.  Dearolf Exhibit 1 is a copy of Ms. Fraser's signed admittance form, one of the
2  referenced "various admittance and release forms" upon which the foregoing allegations depend.
3  These forms are among the bases for the FAC's claims that the medical provider groups affiliated
4  with subsidiaries of Team Health Holdings, Inc. had no contract with patients and that quantum
5  meruit, in the absence of a contract, provides the "true rates TeamHealth is lawfully entitled to
6  charge."  *See id.* ¶¶ 68-74, 145.  Accordingly, the Court may consider Plaintiff's signed admittance
7  form incorporated by reference.  *See Knievel*, 393 F.3d at 1076 (document incorporated by reference
8  where "plaintiff's claim depends on the contents of a document").

   **B.   Plaintiffs' Medical Bills Are Incorporated by Reference into the FAC (Dearolf Exhibits 2-5)**

11  Exhibits 2-5 to the Dearolf Declaration are copies of Plaintiffs' medical bills—including an
12  October 15, 2019 bill from Team Physicians of Southern CA to Ms. Fraser (Dearolf Ex. 2), a July 7,
13  2020 bill from St. David's South Austin Medical Center to Ms. Bakonyi (Dearolf Ex. 3), a July 15,
14  2020 bill from St. Joseph's Hospital Health Center to Ms. DiBella (Dearolf Ex. 4), and a July 6,
15  2020 bill from Sharp Grossmont Hospital to Ms. Fiume (Dearolf Ex. 5).  The FAC expressly
16  references each bill and depends on their contents for a number of its allegations.  *See* FAC ¶¶ 19,
17  21, 23-24, 26-28, 30-31, 35-37, 39-40 94, 160-63.  For example, the FAC references and relies on
18  each bill and their charges and CPT codes in multiple allegations that the bills contain "inflated" and
19  "fraudulent prices."  *See id.* ¶¶ 94, 160-63.  The FAC further relies on certain other information it
20  states was shown on the bills, such as recipient and return addresses and options to pay the bills by
21  credit card over the Internet, in its various allegations that the purported enterprise made use of U.S.
22  mails and interstate wire facilities to perpetrate a scheme.  *See id.* ¶¶ 157, 160-63.  The Court may
23  therefore consider Dearolf Exhibits 2-5 incorporated into the FAC by reference.  *See Khoja*, 899
24  F.3d. at 1002 (document may be deemed incorporated by reference "if the plaintiff refers extensively
25  to the document or the document forms the basis of the plaintiff's claim." (citation omitted)).

   **C.   Survey Study, News Article, Letter, and Declaration are Incorporated by Reference into the FAC (Bartlett Exhibits 1-4)**

28  Plaintiffs also cite or quote several documents in the FAC, including:

1 - A 2013 study that reportedly "found that the first 30 to 74 minutes of critical care in California would cost an out-of-network patient as much as 2897% of the Medicare rate," which the FAC cites and quotes statistics from in support of its allegation that Chargemaster rates are not fair or accurate measures of the reasonable value or going rate.  *See* FAC ¶ 75. The study is Bartlett Exhibit 1.

- A February 2020 news article quoting a UnitedHealthcare spokesperson regarding the amounts billed by medical provider groups affiliated with subsidiaries of Team Health Holdings, Inc., in support of the FAC's allegations that the amounts billed by medical provider groups affiliated with subsidiaries of Team Health Holdings, Inc. are unreasonable and that "[i]n various lawsuits, TeamHealth has conceded that the rates it charges consumers do not represent the real value of its services."  *See id.* ¶¶ 10, 87-89.  A print-out of the news article is Bartlett Exhibit 2.

- A March 2019 letter to a Bi-Partisan Workgroup of the U.S. Senate in which Team Health Holdings, Inc.'s President and Chief Executive Officer, Leif Murphy, described certain costs and charges.  The FAC appears to quote several statistics from the letter and alleges that this letter shows "TeamHealth admitted it has inflated list prices across-the-board well over the cost of the services it provides" and "admitted its prices are over six times its cost of care."  *See id.* ¶ 92.  "In short, TeamHealth has admitted that the rates it charges patients are fraudulent."  *Id.* ¶ 93.  The letter is Bartlett Exhibit 3.

- A Supplemental Declaration of John R. Stair, dated June 22, 2020, from *Sanchez v. Team Health, LLC*, No. 1:18-cv-21174 (S.D. Fla.), ECF No. 79-3, in which Stair, Team Health Holdings, Inc.'s Chief Operating Counsel, described the role of Team Health Holdings vis à vis certain operating subsidiaries, including AmeriTeam Services, LLC, TeamHealth Inc., and HCFS Health Care Financial Services, LLC.  The FAC quotes the declaration several times in alleging the enterprise relationship between Team Health Holdings, the other defendants, and other entities.  *Id.* ¶¶ 41, 43-46, 133-37.  The declaration is Bartlett Exhibit 4.

The FAC does not dispute the relevance or authenticity of these documents.  *See Knievel*, 393 F.3d at 1076.  It cites or quotes these documents to support the foregoing allegations and establish its

claims of artificially inflated prices (Bartlett Ex. 1-3), Team Health Holdings, Inc.'s purported knowledge of alleged pricing fraud (Bartlett Ex. 2-3), and the existence of an enterprise (Bartlett Ex. 4). Such reliance incorporates the cited documents by reference. *See Khoja*, 899 F.3d at 1002.

### D. Survey Study, News Article, Letter, and Database Print-Out are Subject to Judicial Notice (Bartlett Exhibits 1-3, 5)

Bartlett Exhibits 1-3, the survey study, news article print-out, and letter described above, are also judicially noticeable as materials available publicly on the Internet. For this same reason, this Court may also judicially notice Bartlett Exhibit 5, a print-out from the FAIR Health Database website showing public data available to consumers reflecting the estimated average out-of-network/uninsured price for CPT Code 99285 in zip code 78704, CPT Code 99284 in zip code 13202, CPT Code 99284 in zip code 91942, and CPT Code 99220 in zip code 92056. Courts have routinely found materials publicly available on the Internet, reflecting information available to consumers or class members in the public realm, to be subject to judicial notice under Fed. R. Evid. 201. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (publicly available materials judicially noticeable "to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." (internal quotation marks and citations omitted)); *Erickson v. Neb. Mach. Co.*, Case No. 15-cv-1147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (materials showing website at certain timeframe subject to judicial notice, where materials were available via Internet archive); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1197 & n.1 (N.D. Cal. 2014) (materials available online subject to judicial notice).

## IV. CONCLUSION

For the foregoing reasons, the ten documents accompanying the Dearolf Declaration and Bartlett Declaration and cited in Defendants' Motion to Dismiss are properly before the Court.

Respectfully submitted,

Dated: December 18, 2020

*/s/ Carol Lynn Thompson*
Carol Lynn Thompson (SBN 148079)
cthompson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Matthew P. Henry (SBN 308878)

mhenry@sidley.com
Jennifer H. Lee (SBN 329079)
jhlee@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Mark B. Blocker (admitted *pro hac vice*)
mblocker@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7436

*Attorneys for Defendants Team Health Holdings, Inc., AmeriTeam Services, LLC, TeamHealth Inc. n/k/a Team Health, LLC, and HCFS Health Care Financial Services, LLC*